UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                          :
STEVEN HUSSON, *individually and on behalf of all*                        :
*others similarly situated,*                                              :          OPINION
                                                                          :          AND ORDER
                                Plaintiff,                                :
                                                                          :
        -v-                                                               :
                                                                          :          20-CV-7992 (JPC)
GARRETT MOTION INC., OLIVIER RABILLER,                                     :
ALLESANDRO GILI, PETER BRACKE, SEAN                                       :
DEASON, and SU PING LU,                                                   :
                                                                          :
                                Defendants.                               :
                                                                          :
------------------------------------------------------------------------X


------------------------------------------------------------------------X
                                                                          :
THE GABELLI ASSET FUND, THE GABELLI                                       :
DIVIDEND & INCOME TRUST, THE GABELLI                                      :
VALUE 25 FUND INC., THE GABELLI EQUITY                                    :
TRUST INC., SM INVESTORS LP and SM INVESTORS                              :
II LP, *on behalf of themselves and all others similarly*                 :
*situated,*                                                               :
                                                                          :
                                Plaintiffs,                               :
                                                                          :
        -v-                                                               :          20-CV-8296 (JPC)
                                                                          :
SU PING LU, OLIVIER RABILLER, ALESSANDRO                                  :
GILI, PETER BRACKE, SEAN DEASON, CRAIG                                    :
BALIS, THIERRY MABRU, RUSSELL JAMES,                                      :
CARLOS M. CARDOSO, MAURA J. CLARK,                                        :
COURTNEY M. ENGHAUSER, SUSAN L. MAIN,                                     :
CARSTEN REINHARDT, and SCOTT A. TOZIER,                                   :
                                                                          :
                                Defendants.                               :
                                                                          :
------------------------------------------------------------------------X

```
----------------------------------------------------------------------X
                                                              :
JOSEPH FROEHLICH, *individually and on behalf of all*  :
*others similarly situated*,                                  :
                                                              :
                                    Plaintiff,               :
                                                              :
              -v-                                             :          20-CV-9279 (JPC)
                                                              :
OLIVIER RABILLER, ALLESANDRO GILI, PETER :
BRACKE, SEAN DEASON, and SU PING LU,            :
                                                              :
                                    Defendants.             :
                                                              :
----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Presently before the Court are motions to consolidate three putative class actions brought

under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and Securities and Exchange

Commission Rule 10b-5, to appoint lead plaintiff, and to approve the selection of lead counsel.  For

the reasons stated below, the Court consolidates these actions, grants The Gabelli Asset Fund and

related entities' motion to be appointed lead plaintiff, and grants their motion for approval of lead

counsel.

## I. Background

The three related actions here are: *Husson v. Garrett Motion Inc.*, No. 20 Civ. 7992 (JPC)

("*Husson*" or the "*Husson* action"); *Gabelli Asset Fund v. Lu*, No. 20 Civ. 8296 (JPC) ("*Gabelli*"

or the "*Gabelli* action"); and *Froehlich v. Rabiller*, No. 20 Civ. 9279 (JPC) ("*Froehlich*" or the

"*Froehlich* action").  Although there are minor differences in the pleadings, the complaints filed in

all three actions allege the same basic facts.  Plaintiffs allege they purchased or obtained shares of

Garrett Motion Inc. ("Garrett"), a company formed in October 2018 as a spin-off of Honeywell

International Inc.  *Husson*, Dkt. 1 ("*Husson* Complaint") ¶¶ 1-2; *Gabelli*, Dkt. 1 ("*Gabelli*

Complaint") ¶¶ 1-2; *Froehlich*, Dkt. 1 ("*Froehlich* Complaint") ¶¶ 1-2.  The complaints allege that

Garrett, and several of the company's representatives, made false or misleading statements and

omissions relating to the company's agreement to indemnify Honeywell for asbestos-related

liabilities.  *Husson* Complaint ¶ 8; *Gabelli* Complaint ¶ 4; *Froehlich* Complaint ¶ 8.  This agreement

allegedly made it impossible for Garrett to sustain its business and thus doomed the company from

the start.  *Husson* Complaint ¶ 8; *Gabelli* Complaint ¶ 4; *Froehlich* Complaint ¶ 8.  Each complaint

alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act and Rule 10b-5.  *Husson*

Complaint ¶¶ 64-78; *Gabelli* Complaint ¶¶ 183-96; *Froehlich* Complaint ¶¶ 64-78.

Steven Husson filed the *Husson* Complaint, individually and on behalf of all others similarly

situated, against Garrett and five Garrett executives on September 25, 2020.  *Husson* Complaint

¶¶ 15-20.  On October 5, 2020, The Gabelli Asset Fund and related entities filed the *Gabelli*

Complaint, on behalf of themselves and all others similarly situated, against the five executives

named in the *Husson* Complaint as well as nine other individuals who served in leadership roles at

Garrett.  *Gabelli* Complaint ¶¶ 25-38.  Finally, Joseph Froehlich filed the *Froehlich* Complaint,

individually and on behalf of all others similarly situated, against the same five executives named

in the *Husson* Complaint on November 5, 2020.  *Froehlich* Complaint ¶¶ 16-20.

On November 24, 2020, four individuals or groups of individuals or entities filed motions

in the *Husson* action for appointment as lead plaintiff and approval of their selection of lead counsel:

(1) David Buchholz; (2) a group of six individuals that referred to themselves as the "Investor

Club"; (3) The Gabelli Asset Fund, The Gabelli Dividend & Income Trust, The Gabelli Value 25

Fund Inc., and GAMCO Asset Management Inc. (collectively, the "Gabelli Entities"); and (4)

Stanislav Vrubel.  *Husson*, Dkts. 10, 12, 15, 18.  Three of these motions also sought consolidation

of the three actions.  *Husson*, Dkts. 12, 15, 18.  The Gabelli Entities filed similar motions in the

*Gabelli* and *Froehlich* actions as well.  *Gabelli*, Dkt. 11; *Froehlich*, Dkt. 8.  On December 7, 2020, Buchholz withdrew his motion for appointment as lead plaintiff.  *Husson*, Dkt. 23.   And on December 8, 2020, the Investor Club, the Gabelli Entities, and Vrubel filed a joint proposed stipulation that stated that the Investor Club and Vrubel withdrew their motions for appointment as lead plaintiff and agreed that the Court should appoint the Gabelli Entities as lead plaintiff.  *Husson*, Dkt. 24 at 3; *see also Husson*, Dkt. 25.  Thus the only motions that remain are those filed by the Gabelli Entities in each of the three actions.

## II.  Consolidation

### A.  Legal Standard

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact."  Courts have "'broad discretion' to determine whether to consolidate actions."  *Breakwater Trading LLC v. JPMorgan Chase & Co.*, No. 20 Civ. 3515 (PAE), 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)).  In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial."  *Johnson*, 899 F.2d at 1285.

### B.  Discussion

Consolidation is appropriate here because the three actions involve common questions of law and fact.  *See* Fed. R. Civ. P. 42(a).  All three complaints allege that statements from Garrett officers and directors made between October 1, 2018 and September 18, 2020 were false or misleading in violation of the same federal securities laws, particularly with respect to Garrett's agreement to indemnify Honeywell for asbestos-related liabilities.  *Husson* Complaint ¶¶ 1, 8; *Gabelli* Complaint ¶ 2; *Froehlich* Complaint ¶¶ 1, 8.  The Court finds that any prejudice that would

result from consolidating these actions is outweighed by the benefits of judicial economy. Additionally, at least three of the four parties that moved for appointment as lead plaintiff are in favor of consolidation, and no party has objected. *See Husson*, Dkt. 24 at 4. Although Defendants have not appeared yet, the Gabelli Entities represented to the Court that "[c]ounsel for Defendants have also advised [the Gabelli Entities'] counsel that they consent to the . . . consolidation of the [a]ctions . . . ." *Husson*, Dkt. 26 at 1. Thus, the Court grants the Gabelli Entities' motion to consolidate these actions, pursuant to Rule 42(a).

### III. Appointment of Lead Plaintiff

#### A. Legal Standard

The Private Securities Litigation Reform Act ("PSLRA") directs the Court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that "the most adequate plaintiff" to serve as lead plaintiff is the person or group that (1) "filed the complaint or made a motion in response to a notice" that informed members of the purported class about the action; (2) "has the largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." *Id.* § 78-u4(a)(3)(B)(iii)(I)(aa)-(cc).

With regard to the second requirement, the PSLRA does not indicate how to calculate which plaintiff has the "largest financial interest." *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008). In order to make this calculation, many courts in this District look to the factors that make up the so-called *Olsten-Lax* Test: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) total net funds expended during the class period; and (4) the approximate losses suffered." *Id.* at 437; *see also In re Olsten*

*Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *Lax v. First Merchs. Acceptance Corp.*, No. 97 Civ. 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997).  Many courts place "the most emphasis on the last of the four factors."  *In re Fuwei Films*, 247 F.R.D. at 437 (internal quotations and citation omitted).

As for the third requirement, Rule 23 enumerates four prerequisites for a class: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a).  "Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004).  "Consequently, in deciding a motion to serve as lead plaintiff, the moving plaintiff must make only a preliminary showing that the adequacy and typicality requirements under Rule 23 have been met."  *Id.* (alteration adopted) (internal quotations and citation omitted).

The presumption that the plaintiff with the largest financial interest will serve as lead plaintiff may be rebutted upon a showing that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  *Id.* § 78-u4(a)(3)(B)(iii)(II).

**B.  Discussion**

The Gabelli Entities are the presumptive lead plaintiff under the PSLRA.  First, they filed the complaint that began one of the actions here and moved to be appointed lead plaintiff within sixty days of the published notice.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).  Second, they have

the largest financial interest in this case.  *See id.* § 78u-4(a)(3)(B)(iii)(I)(bb).  Based on the lower

of two calculations, the Gabelli Entities allegedly purchased 1,015,091 shares (596,952 net shares),

allegedly expended $8,854,002 in net funds, and allegedly suffered $7,105,464 in losses.  *Husson*,

Dkt. 16 at 8.  The Court is unaware of any other person or entity that may have a larger financial

interest, and no parties have argued they do.  Although three other individuals or groups initially

filed motions to be appointed lead plaintiff, all have withdrawn their motions and seem to agree

that the Gabelli Entities have the largest financial interest in this litigation.  *See* Dkt. 24 at 3.  A

review of the filings in support of the withdrawn motions confirms this.  *See Husson*, Dkt. 11 at 5

(alleging $30,173 in losses); *Husson*, Dkt. 14-3 at 2 (alleging six individual losses totaling

$7,042,162.94); *Husson*, Dkt. 20 at 7 (alleging $210,474 in losses).

Third, the Gabelli Entities otherwise satisfy the typicality and adequacy requirements of

Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  "Typicality is satisfied if each class member's

claim arises from the same course of events, and each class member makes similar legal arguments

to prove the defendant's liability."  *In re Fuwei Films*, 247 F.R.D. at 436.  The Gabelli Entities

appear to seek the same relief and advance the same legal theories as other class members.  No

parties have argued otherwise.  Adequacy means that "there should be no conflict between the

interests of the class and the named plaintiff nor should there be collusion among the litigants," "the

parties' attorney must be qualified, experienced, and generally able to conduct the proposed

litigation," and "the lead plaintiff should have a sufficient interest in the outcome to ensure vigorous

advocacy."  *Id* (internal quotations and citations omitted).  There is nothing in the record that

suggests the Gabelli Entities have conflicts with other class members.  Their class counsel appears

competent and experienced.  And they are institutional investors who have an allegedly large

financial stake in the outcome of this case.  Thus, the Gabelli Entities have made a "preliminary

showing that the adequacy and typicality requirements under Rule 23 have been met." *In re Fuwei Films*, 247 F.R.D. at 436.

No member of the purported plaintiff class has offered evidence to rebut the presumption that the Gabelli Entities will be appointed lead plaintiff.  And the Court is aware of no facts that would rebut the presumption.  Accordingly, the Court appoints the Gabelli Entities as lead plaintiff in this action.

## IV.  Approval of Selection of Lead Counsel

Pursuant to the PSLRA, the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v); *Pirelli*, 229 F.R.D. at 420. The Gabelli Entities have selected Entwistle & Cappucci and seek the Court's approval of this selection. *Husson*, Dkt. 16 at 11.

Andrew J. Entwistle of Entwistle & Cappucci submitted a declaration in support of appointment as well as his firm's resume. *Husson*, Dkt. 17, Exh. E.  The resume sets forth Entwistle & Cappucci's experience in securities class actions and other complex litigation, and references more than twenty actions in which the firm served as the lead plaintiff's counsel, co-lead counsel, or institutional plaintiff's counsel in class and direct securities actions. *Husson*, Dkt. 17-5 at 3, 8; *see also Husson*, Dkt. 16 at 12.  The resume also provides detailed descriptions of the experiences and educational backgrounds of each of the attorneys practicing in the firm's securities litigation practice group. *Id.* at 16-33.  Having reviewed these materials, the Court concludes that Entwistle & Cappucci is well qualified to serve as lead counsel in this matter, and, accordingly, approves the Gabelli Entities' selection of Entwistle & Cappucci as lead counsel.

## V.  Conclusion

For the reasons stated above, the Gabelli Entities' motion to consolidate the *Husson*, *Gabelli*, and *Froehlich* actions is GRANTED.  Future filings in any case herein consolidated shall be filed and docketed only under Case Number 20 Civ. 7992 (JPC).  The Clerk of Court is respectfully directed to change the caption of Case Number 20 Civ. 7992 (JPC) to "*In re Garrett Motion Inc. Securities Litigation.*"  The Gabelli Entities' motion for appointment as lead plaintiff is GRANTED, and the Gabelli Entities' motion for approval of selection of lead counsel is GRANTED.  The Clerk is respectfully directed to terminate the motion pending at Docket Number 15 in Case Number 20 Civ. 7992.

The respective parties withdrew the motions pending at Docket Numbers 10, 12, and 18 in Case Number 20 Civ. 7992.  The Clerk of Court is thus respectfully directed to terminate the motions pending at Docket Numbers 10, 12, and 18 in Case Number 20 Civ. 7992.

The Clerk of Court is also respectfully directed to terminate the motions pending at Docket Number 11 in Case Number 20 Civ. 8296 and Docket Number 8 in Case Number 20 Civ. 9279.  In light of the consolidation of these actions, the Clerk of Court is respectfully directed to close Case Number 20 Civ. 8296 and Case Number 20 Civ. 9279.

The Court grants Lead Plaintiff Gabelli Entities leave to file a consolidated amended complaint by February 25, 2021.  Defendants shall answer or otherwise respond to the consolidated amended complaint by April 12, 2021.

SO ORDERED.

Dated: January 21, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge

9